**UNITED STATES of America ex rel. John Michael GALASSO, Relator-Appellant,**

**v.**

**COMMANDING OFFICER, U. S. ARMY, FT. HAMILTON, BROOKLYN, NEW YORK, Commanding Officer, U. S. Armed Forces Entrance & Examining Station, Ft. Hamilton, Brooklyn, New York, and Secretary of Defense, Respondents-Appellees.**

**No. 658, Docket 35787.**

United States Court of Appeals, Second Circuit.

Argued Jan. 8, 1971.

Decided Jan. 18, 1971.

Stay Denied March 8, 1971.

See 91 S.Ct. 965.

**340**

James B. Zane, New York City (Zane & Zane, New York City, on the brief), for relator-appellant.

Robert Rosenthal, Asst. U. S. Atty. (Edward R. Neaher, U. S. Atty., E.D.N. Y., on the brief), for respondents-appellees.

Paul G. Chevigny, Marvin M. Karpatkin, Jeremiah S. Gutman, New York City, New York Civil Liberties Union Selective Service and Military Law Panel, as Amicus Curiae.

Before LUMBARD, Chief Judge, and MOORE and SMITH, Circuit Judges.

PER CURIAM:

We affirm the district court's order, filed December 11, 1970, dismissing and denying Galasso's petition for a writ of *habeas corpus*, for the reasons stated in Judge Dooling's thorough and persuasive opinion, reported at 323 F.Supp. 4 (E.D.N.Y.1970).

The only point that we need to mention here is Galasso's argument that it was improper for the Local Selective Service Board to rule *by telephone* on the information contained in District Attorney Cahn's letter of October 29, 1970. The letter of October 29 was the last in a long series of letters from Cahn to the Board, requesting a II–A occupational deferment for his assistant, Galasso. It stated that upon instructions from the New York State Judicial Conference and the Appellate Division, the D.A.'s office was embarking upon a crash program to reduce the backlog of criminal cases awaiting indictment and trial and that Galasso was needed in that effort. Upon receipt of this letter, a clerical employee of the Board contacted the Board members by telephone and through that means the Board reached a decision to take no action to postpone or to defer Galasso's induction.

Galasso contends that this telephonic communication violated the Board's own Regulation, 32 C.F.R. § 1604.56, which states that a "majority of the members * * * present at a meeting * * * at which a quorum is present shall decide any question or classification." Galasso argues that this Regulation required an in-person meeting to decide the "question" presented by Cahn's letter of October 29.

Galasso's contention has no merit. The members of the Board were already fully familiar with Galasso's case, having ruled on several previous occasions on requests from Cahn for an occupational deferment for Galasso. The letter of October 29 was merely another such letter and added no new material information. The Board should be able to decide such additional matters without

coming together or writing a statement of its reasons. Hence it was not improper for the Board to act by telephone on the application for further postponement.

Affirmed.